UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE EVERARDO GONZALEZ,<br><br>               Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>               Defendant. | Case No. ED CV 12-868-PJW<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). He contends that the Administrative Law Judge ("ALJ") erred when he failed to properly incorporate Plaintiff's testimony into the decision. For the reasons discussed below, the Court agrees and remands the case to the Agency for further proceedings.

Prior to the administrative hearing, Plaintiff submitted a function report in which he reported that it took him 90 minutes to get out of bed in the morning and that he could stand and sit for only 20 minutes at a time. (Administrative Record ("AR") at 180-87.) In interviews with Agency staff, he repeated these claims. (AR 156, 164,

173.)  At the administrative hearing, he testified that he could walk for only 15 minutes, sit in one position for ten minutes, stand for 15 minutes, and some days he could not get out of bed.  (AR 31-35.)

    The ALJ found that Plaintiff was a "generally credible witness." (AR 16.)  The ALJ determined, however, that Plaintiff had the residual functional capacity to sit for six hours and to stand and/or walk for four hours.  (AR 15.)  Obviously, these findings are inconsistent.  If Plaintiff can sit, stand, and walk for only 10-15 minutes at a time, he cannot sit for six hours and stand and/or walk for eight hours in a given workday.  The ALJ's failure to reconcile these apparent inconsistencies mandates remand.[1]

    Plaintiff's sister also submitted a function report in which she echoed Plaintiff's complaints.  (AR 188-95.)  The ALJ never addressed that report.  That, too, was error.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) ("In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work.").  On remand, he should.

    Plaintiff asks the Court to remand with instructions to calculate and pay benefits.  The Court recognizes it has the power to do so but declines in this instance.  It is not clear to the Court that Plaintiff is entitled to benefits.  Though he complains that debilitating pain precludes him from working, the doctors who weighed

---

[1] The Court recognizes that Plaintiff also claimed at times to be able to walk three to four miles a day.  (AR 38-39, 220.)  That apparent contradiction can also be explored on remand.

1 | in in this case do not seem to agree.  (AR 220-24, 227-33, 255-73.)
2 | On remand, the ALJ can resolve the discrepancy.
3 |       IT IS SO ORDERED.
4 |       DATED:  July 28, 2013.

*Patrick J. Walsh*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

28 | S:\PJW\Cases-Social Security\GONZALEZ, 868\MEMO OPINION AND ORDER.wpd